Ron Rothstein *(pro hac vice forthcoming)*
RRothste@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone:  +1 312-558-5600

Jared Kessler *(pro hac vice forthcoming)*
JRKessler@winston.com
WINSTON & STRAWN LLP
200 S. Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone:  +1 305-910-0500

Shui Sum Lau (SBN: 345456)
SSLau@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave. Ste 3800
Los Angeles, CA 90071
Telephone:  +1 213-615-1700

*Attorneys for Defendant*
*THE HERSHEY COMPANY*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM MOHAMED, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE HERSHEY COMPANY, doing business as BUBBLE YUM, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.2:24-cv-10248<br><br>[Los Angeles County Superior Court Case No. 24STCV27893]<br><br>**THE HERSHEY COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446**<br><br>Complaint filed: October 24, 2024<br><br>Complaint served: October 28, 2024 |

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant The Hershey Company ("Hershey"), by its undersigned attorneys, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. Hershey states the following grounds for removal:

## BACKGROUND AND JURISDICTION FOR REMOVAL

1.     On October 24, 2024, Plaintiff filed a Complaint in the Superior Court of the State of California, County of San Diego, styled *ABRAHAM MOHAMED, individually and on behalf of all others similarly situated, v. THE HERSHEY COMPANY, doing business as BUBBLE YUM, and DOES 1 through 10, inclusive*, Case No. 24STCV27893 (the "State Court Action").

2.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and other documents served on Hershey are attached as **Exhibit A**. These documents constitute the only process, pleadings, or other orders served upon Hershey in this action.

3.     This Notice of Removal has been filed within thirty (30) days of the summons and Complaint being served on Hershey, which occurred on October 28, 2024. This removal is therefore timely under 28 U.S.C. §1446(b).

4.     Plaintiff alleges he and the putative class are entitled to relief in connection with Hershey's sale and marketing of BUBBLE YUM Original Flavor Bubble Gum (referred to by Plaintiff as the "Product" or "Products"). *See generally* Ex. A, Compl. Plaintiff seeks monetary damages, penalties, injunctive relief, and other relief from Hershey, asserting the following causes of action: (1) violation of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200 et seq.), (2) violation of California's False Advertising Law ("FAL") (Cal. Bus. & Prof. Code § 17500 et seq.), and (3) violation of California's Consumers Legal Remedies Act ("CLRA") (Cal. Civil Code § 1750 et seq.). *See generally* Ex. A, Compl.

5.      Plaintiff defines the class he seeks to represent as "[a]ll persons who purchased the Product in the State of California during the time period of four (4) years preceding the date of the filing of this class action through the present." *See id.* ¶ 65.

6.      This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of the parties and the amount in controversy exceeds the sum or value of $75,000.

## DIVERSITY OF CITIZENSHIP

7.      This Court has complete diversity jurisdiction over this action. For diversity purposes, a "natural person's state citizenship is determined by her state of domicile[.] … A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (brackets, quotation marks and citations omitted). "A party's residence is prima facie evidence of domicile. In the absence of evidence to the contrary, a party will be treated as a citizen of its state of residence." *Banga v. Equifax Info. Servs. LLC*, No. 14-cv-03038-WHO, 2014 WL 4954677, at *2 (N.D. Cal. Oct. 2, 2014).

8.      Hershey is informed and believes that the sole named plaintiff in this case, at the time this action was commenced, was and still is a citizen of the State of California. Ex. A, Compl., ¶ 62 ("Plaintiff resides in Los Angeles County, California").

9.      Hershey was at the time of the filing of this action, and still is, a citizen of Pennsylvania and Delaware. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). At the time this action was filed and at the time of removal, Hershey was a corporation incorporated in the State of Delaware. Plaintiff recognizes this fact. *See* Ex. A, Compl., ¶ 54 ("Defendant The Hershey Company, doing business as ('dba') Bubble Yum, is a Delaware corporation existing under the laws of the State of Delaware".); *see also* **Exhibit B** (Declaration of Shui Sum Lau, at Ex. 1, Hershey's November 7, 2024 Form 8-K SEC Filing). Hershey's principal place of

1   business is located in the state of Pennsylvania. *See* Ex. B (identifying address of Hershey's

2   principal executive offices as 19 East Chocolate Avenue, Hershey, PA 17033).

3   Accordingly, Hershey was and is a citizen of Delaware and Pennsylvania.

4       10.    There are no other named defendants that can defeat diversity. "Doe"

5   defendants may be ignored for removal purposes. *See* 28 U.S.C. § 1441(a) ("For purposes

6   of removal under this chapter, the citizenship of defendants sued under fictitious names

7   shall be disregarded.").

8       11.    Because Plaintiff is a citizen of California, and Defendant is a citizen of

9   Delaware and Pennsylvania, diversity of citizenship existed as of the time the action was

10   commenced in state Court and exists at the time of removal.

11   **AMOUNT IN CONTROVERSY**

12       12.    Hershey denies all of Plaintiff's allegations and specifically denies that

13   Plaintiff or any putative class members are entitled to any relief. Without prejudice to its

14   defenses in this action, however, Hershey avers that the amount in controversy exceeds the

15   jurisdictional minimum of $75,000.

16       13.    "[T]he amount in controversy includes all relief claimed at the time of removal

17   to which the plaintiff would be entitled if []he prevails." *Chavez v. JPMorgan Chase & Co.*,

18   888 F.3d 413, 418 (9th Cir. 2018). Thus, "[t]he amount in controversy may include damages

19   (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as

20   well as attorneys' fees awarded under fee shifting statutes." *Id.* at 416. "[A] defendant's

21   notice of removal need include only a plausible allegation that the amount in controversy

22   exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*,

23   574 U.S. 81, 89 (2014). To satisfy the amount-in-controversy requirement, the court may

24   consider whether it is "facially apparent" from the plaintiff's complaint that he seeks

25   damages in excess of $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377

26   (9th Cir. 1997). "[W]hen a defendant seeks federal-court adjudication, the defendant's

27

28

1  amount-in-controversy allegation should be accepted when not contested by the plaintiff
2  or questioned by the court." *Dart*, 574 U.S. at 87.

3        14.    Plaintiff seeks injunctive relief; declaratory relief; restitution; attorneys' fees;
4  punitive damages; costs; actual damages; pre- and post-judgment interest. Ex. A, Compl.,
5  Prayer for Relief. Plaintiff's alleged damages demonstrate that the amount in controversy
6  far exceeds $75,000.

7        15.    **Damages Claims Against Hershey.** Plaintiff asserts three claims based on
8  Hershey's selling and marketing of BUBBLE YUM Original Flavor Bubble Gum (the
9  Product), due to allegedly undisclosed organic fluorine allegedly present in the Product.
10 Compl. ¶¶ 1–6, 14, 75–120. Plaintiff claims that he and the putative class members "have
11 suffered injury in fact and have lost money or property as a result of Defendant's false,
12 deceptive, and misleading representations and marketing," because the "Products as
13 purchased by the Plaintiff and the Class Members were and are unsatisfactory and worth
14 less than the amount paid for them." *Id*. ¶¶ 88–89. Plaintiff and the putative class seek
15 "restitution of the monetary amounts by which Plaintiff and the Class Members did not
16 receive the value of the Product they paid for and by which Defendant was unjustly
17 enriched," during the four years preceding the filing of the Complaint. *Id*. ¶¶ 65, 94, 107,
18 126

19       16.    The amount Plaintiff seeks in restitution on behalf of the putative class is
20 greater than $75,000. Specifically, Plaintiff alleges "[t]he Products are sold individually
21 for prices ranging from $1.69 to $1.99 per product." Ex. A, Compl., ¶ 8. Plaintiff also
22 alleges, "Through Defendant's marketing and advertising campaign, Defendant was able
23 to sell the Products to thousands of consumers throughout California and the rest of the
24 United States." *Id*. The proposed class period is four years. *Id*. ¶ 65. Thus, if Defendant
25 sold just 9,422 units of the Product per year, the amount in controversy would be met.
26 Plaintiff's own allegations acknowledge "[t]he Class consists of thousands of persons[.]"
27 *Id*. ¶ 110. Again, a "defendant's notice of removal need include only a plausible allegation
28

1   that the amount in controversy exceeds the jurisdictional threshold," *Dart*, 574 U.S. at 89,

2   and at least 9,000 sales per year of BUBBLE YUM Original Flavor Bubble Gum

3   throughout California is certainly plausible.

4        17.   **Injunctive Relief.** Courts in the Ninth Circuit have also held that "[w]here an

5   action seeks declaratory or injunctive relief, 'it is well established that the amount in

6   controversy is measured by the value of the object of the litigation.'" *Banaga v. Taylor*

7   *Bean Mortg. Co*., 2011 WL 5056985, at *2 (N.D. Cal. Oct. 24, 2011) (*quoting Cohn*, 281

8   F.3d at 840). Here, Plaintiff seeks both declaratory and injunctive relief. Ex. A, Compl.,

9   Prayer for Relief. Thus, the Products are the object of the litigation, and the cumulative

10   value of the Products is the appropriate measure of the amount in controversy. *See Banaga*,

11   2011 WL 5056985, at *2. As discussed above, the alleged value of the Products plausibly

12   exceeds $75,000. *See supra* ¶ 16.

13        18.   **Attorneys' Fees.** Long-established precedent holds that attorneys' fees are

14   properly considered when determining the amount in controversy for the purposes of

15   removal. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) ("where

16   an underlying statute authorizes an award of attorneys' fees . . . such fees may be included

17   in the amount in controversy"); *Woolsey v. State Farm General Insurance Co.,* 672 F.

18   Supp. 3d 1018, 1026 (C.D. Cal. 2023). This includes future attorneys' fees as well as

19   attorneys' fees incurred prior to removal. *Id.*; *Kee v. Hiossen, Inc.*, 2019 WL 5677845, at

20   * 3 (S.D. Cal. Nov. 1, 2019); *Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d

21   785, 794 (9th Cir. 2018) (holding that a court must include future attorneys' fees

22   recoverable by statute or contract when assessing whether the amount in controversy is

23   met).

24        19.   Plaintiff seeks an award of attorneys' fees for each of his asserted causes of

25   action brought on behalf of himself and a putative class of California consumers. With

26   respect to Count I (UCL) and Count II (FAL), Plaintiff alleges entitlement to attorneys'

27   fees under Cal. Civ. Code § 1021.5. *See* Compl. p. 37. And under Count III (CLRA),

28

NOTICE OF REMOVAL

Plaintiff seeks attorneys' fees under Cal. Civ. Code § 1021.5 and § 1780, which provides that the "court shall award costs and attorney's fees to a prevailing party in litigation filed pursuant to this section." Cal. Civ. Code § 1780(e). In false advertising class actions asserting the same causes of action, district courts have approved attorneys' fees awards in amounts exceeding $75,000. *See, e.g., Wolph v. Acer Am. Corp.*, 2013 WL 5718440, at *6 (N.D. Cal. Oct. 21, 2013); *Hawkins v. Kroger Co.*, 2022 WL 345639, at *8-11 (S.D. Cal. Feb. 4, 2022); *Maxin v. RHG & Co.*, 2018 WL 9540503, at *6 (S.D. Cal. Feb. 16, 2018). In the present action, and based the foregoing cases and on defense counsel's firm's vast experience in similar matters, it is likely Plaintiff's counsel has already incurred approximately $20,000 to prepare demand letters and the Complaint, will incur approximately $40,000 in discovery expenses, and will incur at least $40,000 on class certification and summary judgment briefing. *See* Ex. B at ¶ 3. Assuming Plaintiff's counsel would see fees at the rate of $500 per hour, this would require counsel only work 151 hours to exceed $75,000. *Id.*

20.    Considering the attorneys' fees Plaintiff incurred prior to removal combined with the attorneys' fees that would be incurred in this case dealing with discovery, motion practice, summary judgment and trial, there can be no reasonable dispute that attorneys' fees will exceed $75,000, even if Plaintiff's claims proceed on only an individual basis. This is a complex putative class action that will involve disputed scientific issues including, among other things, the accuracy of Plaintiff's testing for organic fluorine as a basis to identify perfluoroalkyl and polyfluoroalkyl substances ("PFAS").

21.    By any measure, be it the cumulative value of the Products, punitive damages, or attorneys' fees, the amount in controversy exceeds the jurisdictional minimum of $75,000. Accordingly, the amount-in-controversy requirement has been met under 28 U.S.C. § 1332.

NOTICE OF REMOVAL

**VENUE IS PROPER**

22.     Removal is proper "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. 1441(a). The Central District of California is the United States District Court embracing the place where Plaintiff's state court action is pending, and venue is accordingly proper in this Court. *See, e.g., Johnson v. Ford Motor Co.*, 2023 WL 8654930, at *5 n.2 (N.D. Cal. Dec. 14, 2023) ("venue in the Central District is proper because virtually all of the events underlying the action occurred in Los Angeles County.").

**CONSENT TO REMOVAL**

23.     Hershey is the only defendant named in Plaintiff's Complaint and is filing this notice of removal. *See generally* Ex. A. The provisions of 28 U.S.C. § 1446(b)(2)(A) requiring the joinder or consent of all properly-served defendants to this removal are therefore satisfied. Also, under the provisions of 28 U.S.C. § 1453, the class action "may be removed by any defendant without the consent of all defendants."

**CONCLUSION**

24.     For the foregoing reasons, the State Court Action is within the original jurisdiction of this Court and is therefore removable to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).

25.     No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby preserved.

**NOTICE TO PLAINTIFF AND THE SUPERIOR COURT
OF REMOVAL OF THE CIVIL ACTION**

26.     Defendant Hershey will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and all parties and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Los Angeles pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Hershey hereby gives notice that the matter styled as *Abraham Mohamed v. The Hershey Company*, Case No. 24STCV27893, is removed from

NOTICE OF REMOVAL

1   the Superior Court of the State of California in the County of Los Angeles to the United

2   States District Court for the Central District of California.

3

4    Dated: November 26, 2024         WINSTON & STRAWN LLP

5

6                             By:   */s/ Shui Sum Lau*
                                  Ron Rothstein

7                                   Jared Kessler
                                  Shui Sum Lau

8                                   Attorneys for Defendant
                                  THE HERSHEY COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28