# EXHIBIT A

Paul D. Stevens (Cal. Bar. No. 207107)
pstevens@stevenslc.com
Lauren A. Bochurberg (Cal. Bar. No. 333629)
lbochurberg@stevenslc.com
**STEVENS, LC**
1855 Industrial Street, Suite 518
Los Angeles, California 90021
Tel: (213) 270-1215

*Attorneys for Plaintiff and the Proposed Class*

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/24/2024 11:44 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF LOS ANGELES

| | |
|---|---|
| ABRAHAM MOHAMED, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERSHEY COMPANY, doing business as BUBBLE YUM, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 24STCV27893<br><br>CLASS ACTION COMPLAINT<br><br>1. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*<br>2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*<br>3. VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.* (Consumers Legal Remedies Act)<br><br>DEMAND FOR JURY TRIAL |

1

Plaintiff Abraham Mohamed (hereinafter "Plaintiff"), individually and on behalf of himself and others similarly situated (hereinafter "the Class" or "Class Members"), alleges the following:

## I.        NATURE OF THE ACTION AND STATEMENT OF FACTS

1.      This is an important consumer protection matter that concerns three issues: i) violations of California Health & Safety Code §§ 108945, 108946 and § 109000 for selling and distributing in commerce in the State of California products produced, marketed and sold by The Hershey Company ("Defendant") under the brand name "BUBBLE YUM" and specifically, its Bubble Yum Original Flavor Bubble Gum, due to, among other things, the amount of organic fluorine in the Bubble Yum Original Flavor Bubble Gum Product and its wrapper; ii) the omission and non-disclosure of information that is a material concern for consumers—the existence of, and potential health risks from, organic fluorine in the Bubble Yum Original Flavor Bubble Gum Product; and iii) false and misleading marketing of the Hershey family of brands as being "high[] quality," "sustainable" and "transparent about [their] ingredients" given the existence of, and potential health risks from, organic fluorine in the Bubble Yum Original Flavor Bubble Gum.

2.      Defendant is a manufacturer, distributor, and marketer of a variety of confectionary products.

3.      The product at issue is Defendant's Bubble Yum Original Flavor Bubble Gum (hereinafter individually referred to as "Product", plurally referred to as "Products").

4.      The Products that were manufactured, marketed, advertised and sold by Defendant over the proposed class period and are currently being manufactured, marketed, advertised and sold by Defendant, and the Product purchased by Plaintiff and tested by Plaintiff as set forth herein, were and are substantially similar. The Products are the same "Original" flavor, all have the same essential design with variances in the number of gum pieces in each package, and all are made from the same ingredients and manufacturing process.

CLASS ACTION COMPLAINT

5.    Defendant offers the Products for sale through various channels, including third-party retail outlets and internet websites such as Target, Walmart, Ralph's, Walgreens and Amazon.

6.    As set forth below, through an extensive, widespread, comprehensive, and uniform nationwide marketing campaign, including creating marketing materials pertaining to the Product for third-party sellers, Defendant promoted itself and the Product as being high quality, sustainable and transparent about ingredients.

**A.  Defendant's False, Misleading And Deceptive Marketing Of The Product.**

7.    During the Class Period defined herein, from four (4) years prior to the date of the filing of the complaint, Defendant promoted, and continues to promote, the Hershey family of brands and the Products through the following false, misleading and deceptive statements on Hershey's and BUBBLE YUMS's brand website pages.  Images of the website pages and the statements and terminology that are false, misleading and or add to the deception are identified in bold, as set forth below:

i.



- **Rooted in Our Values: Togetherness, Integrity, Making a Difference, Excellence**
  https://www.thehersheycompany.com/en_us/home/about-us.html

---

3

CLASS ACTION COMPLAINT

ii.



- Shared Goodness: Promise
- An idea as simple as it is big: our business, **our planet, our communities, our children—they've always mattered.**
  https://www.thehersheycompany.com/en_us/home/sustainability.html

iii.



- **Sustainability**
- **Delivering on our commitments to safeguard the health of the environment,** support children and youth and build prosperous communities within our supply chain**.**
  https://www.thehersheycompany.com/en_us/home/sustainability.html

CLASS ACTION COMPLAINT

iv.



- **Doing good by the Earth is not only doing the right thing – it's good business**.
  https://www.thehersheycompany.com/en_us/home/sustainability/sustainability-focus-areas/environment.html

CLASS ACTION COMPLAINT

v.



## Advancing Sustainable Packaging Solutions

In order to reduce the potential negative impacts of plastic waste and waste sent to landfills, we are eliminating unnecessary packaging and converting to eco-friendly alternatives to create a more sustainable future. In 2015, we committed to reducing packaging weight by 25 million pounds by 2025. We're proud to say we've surpassed this goal and have set a new goal of reducing an additional 25 million pounds by 2030. We're also aiming to make 100 percent of our plastic packaging recyclable, reusable or compostable by 2030.

## Ending Deforestation

We are committed to ending deforestation across our supply chain by 2030 by working within our individual commodity supply chains to drive sustainable practices across our supply chain. Our **No Deforestation Policy** commitment is a key part of Hershey's efforts to meet our Scope 3 commitment. Read more about this **commodity-specific approach to ending deforestation** in our **Cocoa Forest Initiative Report**.

## Protecting Biodiversity

Hershey recognizes that biodiversity plays a critical role in business success and in safeguarding the health of our planet and communities. We have deeply embedded biodiversity within our environmental policies, including our **Environmental Policy** and **No Deforestation Policy**. Through ongoing interactions with farmers and other suppliers, we invest in and work toward protecting the ecologically important ecosystems where our **cocoa** is sourced and where our **palm oil** is produced.

## Protecting Water Sources

As a global snacking company, water is critical to our business and interconnected to our climate action strategy. In 2020, we joined the Science Based Targets Network's (SBTN) Corporate Engagement Program to stay aligned with emerging best practices in water stewardship. In 2021, we launched a preliminary assessment to better understand our water footprint and gather insights on contextual water challenges across our business. Through continued participation in SBTN's self-guided pilot, we've continued to take important steps to integrate water quality and quantity awareness across our supply chain. We will continue to report on our progress in our annual sustainability report and on our website.

- Advancing **Sustainable** Packaging Solutions
- https://www.thehersheycompany.com/en_us/home/sustainability/sustainability-focus-areas/environment.html

---

CLASS ACTION COMPLAINT

vi.



- We are committed to . . . being **transparent about the ingredients inside your favorite Hershey products**.
  https://www.thehersheycompany.com/en_us/home/ingredients/about-our-ingredients.html

vii.

### Increased Transparency through SmartLabel®

We are committed to transparency and support consumers' right to know what is in their food. We want consumers to be able to quickly access information about our products whether they are at home or on the go. By partnering with other companies, we helped develop an industry-wide technology for U.S. products called SmartLabel®. By scanning the QR Code on our U.S. product packages, you can access SmartLabel® which puts more detailed information than could ever fit on a package right at your fingertips. In addition to nutrition and ingredients you can find ingredient definitions, allergen information, claims information, religious certifications, and bioengineered food disclosure statements (bioengineered food is often referred to as "GMOs"). We encourage consumers to use SmartLabel® to get all the information they want to know about their food purchases when they want to know it.

- **We are committed to transparency and support consumer's right to know what is in their food.**
  https://www.thehersheycompany.com/en_us/home/ingredients/about-our-ingredients.html

CLASS ACTION COMPLAINT

viii.



- **Highest quality, safety and sustainability standards**
  https://www.thehersheycompany.com/en_us/home/ingredients/about-our-ingredients.html

ix.



- Always **refer to each package for current ingredients** and allergen statement **to make an informed decision about Hershey products.**
  https://www.hersheyland.com/bubbleyum

8.      Through Defendant's marketing and advertising campaign, Defendant was able to sell the Products to thousands of consumers throughout California and the rest of the United States. The Products are sold individually for prices ranging from $1.69 to $1.99 per product.

9.      Plaintiff read, believed, and relied upon Defendant's marketing and advertising of the Hershey family of brands and the Products set forth in paragraph 7 (i-ix) herein as "our

8

CLASS ACTION COMPLAINT

planet, our communities, our children – they've always mattered", "Delivering on our commitments to safeguard the health of the environment", "Doing good by the Earth is not only doing the right thing – it's good business", "We are committed to . . . being transparent about the ingredients in your favorite Hershey products", "We are committed to transparency and support consumer's right to know what is in their food", "Highest quality, safety and sustainability standards" and "Always refer to each package for current ingredients and allergen statement to make an informed decision about Hershey products" (hereafter collectively referred to as "the Misrepresentations") when purchasing the Products.

10.     Plaintiff reasonably understood the net impression of the Misrepresentations to mean that the Products are high quality, sustainable and transparent about their ingredients.

11.     Currently, there is significant public health concern about the materials and chemicals used in the food industry.[1]

12.     In addition, consumers today are increasingly conscious of brands' efforts to make a positive difference in the world.[2]  Sustainable marketing is the promotion of environmentally and socially responsible products, practices, and brand values.[3] [4] Incorporating social responsibility into brands' public relations strategies can make a profound impact on consumer decisions.

13.     Thus, there is a continuous incentive for a company such as Defendant's to market itself as being high quality, sustainable and transparent about the ingredients in its food products.

---

[1] https://www.cnn.com/2024/09/16/health/food-packaging-chemical-toxins-study-wellness/index.html
[2] See https://www.linkedin.com/pulse/5-key-elements-successful-wellness-brand-pr-strategy-examples
[3] https://www.smartinsights.com/online-brand-strategy/brand-positioning/sustainable-marketing-how-should-you-use-it/
[4] https://abmatic.ai/blog/sustainable-marketing-strategies-building-brands-with-environmental-responsibility#:~:text=Sustainable%20marketing%20focuses%20on%20integrating,customers%20who%20value%20environmental%20stewardship.

CLASS ACTION COMPLAINT

**B. The Existence Of Chemicals In the Product That Implicate Health And Safety Concerns That A Reasonable Consumer Would Find Material.**

14.    The Products at issue contain, among other things, organic fluorine, which places consumers at risk of exposure to perfluoroalkyl and polyfluoroalkyl substances ("PFAS").

15.    According to the U.S. Centers for Disease Control and Prevention (CDC), PFAS are a group of over 9,000 synthetic chemicals that have been used in industry and consumer products, worldwide, for over 70 years.[5]

16.    The California legislature has found and declared the following: "PFAS," are highly toxic and highly persistent in the environment. See Cal Health & Safety Code § 108981(a).

17.    The California legislature has found and declared the following: PFAS are referred to as "forever chemicals" because they are extremely resistant to degradation in the natural environment, including the water, the soil, the air, and our bodies, because of their carbon-fluorine bond, one of the strongest bonds known in nature. See Cal Health & Safety Code § 108981(b).

18.    The California legislature has found and declared the following: PFAS have been linked by scientific, peer- reviewed research to severe health problems, including breast and other cancers, hormone disruption, kidney and liver damage, thyroid disease, developmental harm, and immune system disruption, including interference with vaccines. See Cal Health & Safety Code § 108981(c).

19.    The CDC outlines several health effects associated with PFAS exposure, including cancer, liver damage, decreased fertility, increased risk of asthma and thyroid disease.[6]

---

[5] https://www.cdc.gov/niosh/topics/pfas/default.html
[6] https://www.atsdr.cdc.gov/pfas/health-effects/index.html ; see also
https://www.hsph.harvard.edu/news/hsph-in-the-news/pfas-health-risks-

20.     Other studies have associated exposure to PFAS with increased pregnancy losses, disruption in sex hormone homeo-statis and sexual maturation.[7]

21.     Because of the widespread use of PFAS, they can be found in water, air, animals, and soil at locations across the nation and the globe. Due to this widespread use, the CDC's National Health and Nutrition Examination Survey (NHANES) found PFAS in the blood of 97 percent of Americans, suggesting virtually ubiquitous exposure of Californians to these highly toxic chemicals. Widespread use has also resulted in broad PFAS dispersal in indoor and outdoor environments, including the PFAS contamination of the drinking water of approximately 16 million Californians, particularly in disadvantaged communities, of breast milk, and of indoor and outdoor air. See Cal Health & Safety Code § 108981(e).

22.     On October 5, 2021, California Gov. Gavin Newsom signed into law California Assembly Bill 652(AB 652) , Cal Health & Safety Code §§ 108945 – 108947 (Added by Stats 2021 ch 500 § 1 (AB 652) and Assembly Bill 1200 (AB 1200), 109000 – 109014, (added by Stats. 2021, Ch. 503, § 1 (AB 1200), effective January 1, 2022), which provides for the Prohibition of sales or distribution of Juvenile Products and Food Packaging containing "regulated" PFAS chemicals.

23.     Under California Health & Safety Code § 108945(c) "Juvenile product" means a product designed for use by infants and children under 12 years of age

24.     Under California Health & Safety Code § 108945(b) "Regulated perfluoroalkyl and polyfluoroalkyl substances" or "regulated PFAS" that pertains to Juvenile Products means either of the following:

(1)     PFAS that a manufacturer has intentionally added to a product and that have a functional or technical effect in the product, including, but not limited to, the PFAS components of intentionally added chemicals  that

---

underestimated/#:~:text=A%20recent%20review%20from%20the,of%20asthma%20and%20thyroid%20disease
[7] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2679623/

are intentional breakdown products of an added chemical that also have a functional or technical effect in the product.

(2) The presence of PFAS in a product or product component at or above 100 parts per million, as measured in total organic fluorine.

25. Under <u>California Health & Safe Code</u> § 109000 (a)(1) "Food Packaging" means a nondurable package, packaging component, or food service ware that is intended to contain, serve, store, handle, protect, or market food, foodstuffs, or beverages, and is comprised, in substantial part, of paper, paperboard, or other materials originally derived from plant fibers and includes unit product boxes, liners, and wrappers.

26. Under <u>California Health & Safety Code</u> § 109000(a)(3) "Regulated perfluoroalkyl and polyfluoroalkyl substances" or "regulated PFAS" that pertains to Food Packaging means either of the following:

(1) PFAS that a manufacturer has intentionally added to a product and that have a functional or technical effect in the product, including, but not limited to, the PFAS components of intentionally added chemicals  that are intentional breakdown products of an added chemical that also have a functional or technical effect in the product.

(2) The presence of PFAS in a product or product component at or above 100 parts per million, as measured in total organic fluorine.

27. As set forth herein, under the California Health & Safety Code, the presence of PFAS in food packaging and juvenile products is measured in organic fluorine. See <u>Cal. Health & Safety Code</u> §§ 109000(a)(3)(B) and 108945(b)(2).

28. Leading science has also directed that identification of organic fluorine in industry and consumer products is an indicator that encompasses the total content of both known

CLASS ACTION COMPLAINT

and unknown types of PFAS, unlike traditional targeted analyses that can reliably quantify only a few dozen known PFAS that have commercially available analytical standards."[8]

29.    Plaintiff commissioned independent third-party testing to determine whether the Product and its packaging contain organic fluorine.

30.    The testing conducted by the laboratory was conducted in accordance with accepted industry standards for detecting the presence of organic fluorine.

31.    The testing was performed at the independent analytical contract laboratory's facilities.

32.    Plaintiff conducted two rounds of testing.  The first round was conducted on the same Product Plaintiff purchased and near in time to Plaintiff's purchase. Specifically, Plaintiff was a frequent shopper of the Product and purchased the Products at various CVS and Walgreens locations in Los Angeles County multiple times a year for the last five years.  The product tested, the part tested, the test date and the test result are set forth below:

- **Product Tested**: Bubble Yum Original Flavor Bubble Gum
  **Test Date**: February 20, 2024
  **Result**: <u>Wrapper</u> 130 PPM Organic Fluorine
  **Result**: <u>Gum</u> 197 PPM Organic Fluorine

33.    The first round of test results found organic fluorine present in the Product and packaging tested, which was the same Product and packaging as that purchased by Plaintiff, in amounts which exceeded the permissible manufacturing limits set forth in <u>Cal. Health & Safety Code</u> §§ 108945(b)(2) and 109000(a)(3)(B).

---

[8] Anna S. Young, Heidi M. Pickard, Elsie M. Sunderland, and Joseph G. Allen; "Organic Fluorine as an Indicator of Per- and Polyfluoroalkyl Substances in Dust from Buildings with Healthier versus Conventional Materials" *Environmental Science & Technology*. November 4, 2022.

34.     The second round of testing commissioned by Plaintiff was performed on an additional sample of the same Product and packaging as that purchased by Plaintiff. The product tested, the parts tested, the test dates and test results are set forth below:

- **Product Tested:** Bubble Yum Original Flavor Bubble Gum
  **Test Date:** March 5, 2024
  **Result:** Wrapper 122 PPM Organic Fluorine
  **Result:** <u>Gum</u> 75.19 PPM Organic Fluorine

35.     The second round of test results also found organic fluorine present in the Product tested, which was the same Product as that purchased by Plaintiff, in amounts which exceeded the permissible manufacturing limits set forth in <u>Cal. Health & Safety Code</u> § 109000(a)(3)(B).

**C.  Defendant's Omission And Non-Disclosure Of The Existence Of Chemicals In The Products Implicates Health And Safety Concerns That A Reasonable Consumer Would Find Material**.

36.     While the California Health & Safety Code permits certain levels of organic fluorine in certain products as of January 1, 2023, the omission and non-disclosure of information that is a material concern for consumers is different than compliance under the California Health & Safety Code, which only concerns production and distribution, not otherwise lawful disclosures or warnings.  Therefore, required disclosures and warnings are an issue not addressed or covered by the Health & Safety Code.  Indeed, Governor Gavin Newsom's veto message in vetoing a "disclosure" bill for products containing PFAS (Assembly Bill No. 2247) makes clear disclosure requirements are a separate issue.[9]

37.     Because PFAS chemicals are "forever chemicals" and accumulate in the human body and environment, there is no safe manner or level of exposure to humans. The Products are particularly concerning given the fact bubble gum is marketed to and consumed by children.

_____

[9] www.gov.ca.gov/wp-content/uploads/2022/09/AB-2247-VETO.pdf?emrc=cc359d

CLASS ACTION COMPLAINT

38.    Therefore, both rounds of testing indicate dangerous levels of organic fluorine that implicate health and safety concerns set forth herein.

39.    Therefore, the existence of organic fluorine in the Products thus implicates health and safety concerns that a reasonable consumer would find material and therefore, Defendant has a duty to disclose the existence of organic fluorine in the Products and omitted facts it was obliged to disclose.

40.    The Product's marketing and advertising, including the website pages, product labels and packaging, were and are uniform and pervasive over the proposed class period.

41.    The marketing of the Product, including the Product's website pages, product labels and packaging as set forth herein, and in the photographs below, omit and do not provide any disclosure of the existence of, and potential health risks from, organic fluorine in the Product:

**Front of Packaging**



**Back of Packaging**



---

**Top of Packaging**          **Bottom of Packaging**

          

42.     The marketing and labeling of the Products, as set forth herein, including the Product's website pages, packaging and labels, should and could have revealed and disclosed the existence of, and potential health risks from, organic fluorine in the Products and could and should have provided a disclosure that states, at a minimum, "Caution: This product contains organic fluorine which is a known indicator of per and polyfluoroalkyl substance ("PFAS"). Exposure to PFAS may cause serious health effects."

43.     Plaintiff and other consumers were not and are not provided adequate information or warning of the existence of, and health risks from, organic fluorine in the Products from the Products' information panel provided by Defendant.

44.     Defendant's omission and non-disclosure of the existence of, and health risks from, organic fluorine in the Products is unlawful for the following reasons:

a.      It is contrary to representations made by Defendant.  The existence of organic fluorine in the Product directly contradicts Defendant's marketing, as set forth above, and especially representations that the Hershey family of brands and the Product are high quality, sustainable, and transparent about their ingredients.

b.      It is an omission of a fact Defendant was obliged to disclose, on the following basis:

i.      Defendant had exclusive knowledge of material facts not known or reasonably accessible to Plaintiff.  Defendant has exclusive knowledge of the manufacturing process and composition of materials and chemicals in the Product as Defendant is the manufacturer, distributor, and marketer of the Product.  At the time of purchase, Plaintiff lacked the knowledge of the manufacturing process and composition of materials and chemicals in the Product and lacked the expertise to ascertain the existence of organic fluorine in the Product and their risks to human health.  Further, consumers lacked and continue to lack the knowledge of the manufacturing process and composition of materials and chemicals in the Product and the expertise to ascertain the existence of organic fluorine in the Product and their risks to human health. Plaintiff and reasonable consumers must, and do, rely on Defendant to disclose the materials, chemicals, and ingredients in the Product and advise of the risks that may potentially affect the health and/or safety of consumers.

ii.      Defendant made and continues to make partial representations that are misleading because some other material fact has not been disclosed. Defendant's representations and images that the Hershey family of brands and the Product are high quality, sustainable, and transparent about their ingredients are misleading in light of the omission of the existence of organic fluorine in the Product.

iii.      The undisclosed information of the existence of organic fluorine in the Product implicates safety concerns that a reasonable consumer would find material.

17

CLASS ACTION COMPLAINT

**D.  Plaintiff's And Consumers' Reliance On Defendant's Misrepresentations And Omissions And Resulting Harm.**

45.     Plaintiff and other consumers read, believed, and relied upon Defendant's marketing and advertising and omissions set forth herein when purchasing the Products. Plaintiff and other consumers reasonably understood the marketing and labeling and omission of the existence of organic fluorine in the Products to mean that the products do not contain suspected harmful chemicals.

46.     In reliance on Defendant's labeling, marketing claims and omissions set forth herein, Plaintiff and consumers purchased products they would not have purchased but for Defendant's false promotion of the Product as being high quality, sustainable and transparent about their ingredients and their omission of information regarding the presence of organic fluorine in the Product.  Had Plaintiff and other consumers known the true nature of the Product and had information regarding the presence of organic fluorine in the Product not been omitted from marketing and labeling materials, they would not have purchased and spent money on the Product.

47.     As such, Defendant has engaged in conduct which violates Business & Professions Code § 17200, et seq., Business & Professions Code § 17500, et seq. and the California Consumers Legal Remedies Act ("CLRA") California Civil Code § 1750, et seq., particularly California Civil Code §§ 1770(a)(5) and 1770(a)(7).

**E.  Summary Of Notice Of Violations Of Law And Demand For Relief.**

48.     On March 15, 2024, Defendant was served by Plaintiff with written notices pursuant to Civil Code § 1750, et seq., which set forth Plaintiff's contentions and requested remedy.  Plaintiff's letter was sent via certified mail with electronic return receipt to Defendant who acknowledged receipt.  Defendant rejected Plaintiff's attempts to address the concerns stated herein and instead has allowed the Product to continue to be sold with full knowledge of the alleged claims.

CLASS ACTION COMPLAINT

49.     Wherefore, Plaintiff, the Class Members and other California consumers have, among other things, no adequate remedy at law for the injuries that are currently being suffered and that will be suffered in the future in that, unless and until enjoined by order of this Court, the non-disclosure of material information that implicates health and safety concerns that a reasonable consumer would find material will continue and cause great and irreparable injury to Plaintiff, the Class Members and other California consumers.

50.     Therefore, Plaintiff brings this action challenging Defendant's claims relating to the Products on behalf of himself and all others similarly situated under Business & Professions Code § 17200, et seq., and Business & Professions Code § 17500, et seq., and California's Consumers Legal Remedies Act, California Civil Code § 1750, et seq., particularly California Civil Code §§ 1770(a)(5) and 1770(a)(7).

51.     Wherefore, Plaintiff seeks in equity an order compelling Defendant to discontinue the conduct alleged herein as set forth further herein.

52.     Plaintiff further seeks an order compelling Defendant to restore the monetary amounts by which Plaintiff and the Class did not receive the value of the Product(s) they paid for and which Defendant has been unjustly enriched.

53.     Plaintiff further seeks actual and punitive damages, pre- and post-judgment interest, attorneys' fees, and costs.

## II.     THE PARTIES

**A.     Defendant**

54.     Defendant The Hershey Company, doing business as ("dba") Bubble Yum, is a Delaware corporation existing under the laws of the State of Delaware ("Defendant Hershey").

55.     Defendant Hershey is the owner and distributor of the Product and is the company that created and/or authorized the omissions and false, misleading, and deceptive advertisements and packaging for the Product alleged herein.

56.     Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.  The true names and capacities, whether individual, corporate, associate or otherwise of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff who therefore sue this Defendant by fictitious names.  Plaintiff will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were authorized to do and did business in Los Angeles, California.

**B.     Plaintiff**

57.     Plaintiff Abraham Mohamed ("Plaintiff") is an individual residing in Los Angeles County, California.

58.     Plaintiff purchased the Product that contained organic fluorine.   Plaintiff was a frequent shopper of the Product and has purchased Bubble Yum Original Flavor Bubble Gum from various CVS and Walgreens locations in Los Angeles County multiple times a year for the last five years. Plaintiff paid approximately $1.69 for the Product. The independent testing of the Product conducted by Plaintiff was the same Product purchased by Plaintiff and near in time to Plaintiff's purchases. Therefore, the Product Plaintiff purchased contained organic fluorine.

59.     Plaintiff used the Product on a daily basis multiple times throughout the day and was therefore exposed to organic fluorine at a heightened level.

60.     Prior to and at the time of each purchase, Plaintiff considered Defendant's marketing and omissions related to the Product, including those set out herein, including that the Product and the Hershey family of brands maintain the "[highest] quality, safety and sustainability standards." Plaintiff reasonably relied on these misrepresentations and omissions in deciding to purchase the Product, and he would not have purchased the Product if the true facts had been known. As a direct result of Defendant's material misrepresentations and omissions, Plaintiff suffered and continues to suffer, economic injuries.

61.     Plaintiff would like to purchase the Product in the future.  Plaintiff understands that the composition of the Product could change to remove all organic fluorine over time. However, Plaintiff is unable to determine the composition of the Product before purchasing it again and whether the Product contains suspected harmful chemicals, or if it continues to contain organic fluorine.  Plaintiff might purchase the Product in the future, despite the fact it was once marred by false marketing and omissions of the existence of harmful chemicals in the Product, as he may reasonably assume, incorrectly, that the composition of the Product was changed to remove all organic fluorine.  As long as Defendant continues to manufacture the Product with organic fluorine but promote the Hershey family of brands and, by implication, the Product as maintaining the "[h]ighest quality, safety and sustainability standards" and "support[ing] [a] consumer's right to know what's in their food" and not disclose to Plaintiff and the public of the existence of, and warn of the potential safety risks from, organic fluorine  in the Product, Plaintiff (and other consumers) will be unable to make informed decisions about whether to purchase the Product and will be unable to evaluate the differences between the Product and competitors' products. Plaintiff is further likely to be repeatedly misled by Defendant's conduct, unless and until Defendant is enjoined from continuing to engage, use, or employ the practice of falsely marketing and advertising for sale of the Product as follows:

     i.    An order compelling Defendant to test for the existence of organic fluorine in the Product and Product wrapper;

     ii.    If unintentional organic fluorine is detected in the Product or Product wrapper, above 100 ppm, an order compelling defendant to replace the organic fluorine with the least toxic alternative and reduce the organic fluorine below 100 ppm;

     iii.    If detectable levels of organic fluorine are in the Product, an order compelling Defendant to cease marketing, labeling, packaging, and advertising the Hershey family of brands and, by implication, the Product as maintaining the "[h]ighest quality, safety and sustainability

CLASS ACTION COMPLAINT

standards" and "support[ing] [a] consumer's right to know what's in their food"; or

iv.   If detectable levels of organic fluorine are in the Product, an order compelling Defendant to disclose to Plaintiff and the public of the existence of, and warn of the potential safety risks from, organic fluorine in the Product and Product Wrapper.

## III.    JURISDICTION AND VENUE

62.    This Court has personal jurisdiction over Plaintiff because Plaintiff resides in Los Angeles County, California and submits to the Court's jurisdiction.

63.    Defendant Hershey directly and through its agents, has substantial contacts with and receives substantial benefits and income from sales of the Product from and through the State of California and Los Angeles County. Therefore, Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between it and Los Angeles County, California.

64.    Venue is proper in this District pursuant to <u>California Civil Code</u> § 1780(d), because Defendant is doing business in Los Angeles County and Los Angeles County is where a substantial portion of the transaction that is the subject of the above-entitled action occurred.

## IV.    CLASS ACTION ALLEGATIONS

65.    Plaintiff brings this class action on his own behalf and on behalf of all other persons similarly situated. The Class which Plaintiff seeks to represent comprises:

All persons who purchased the Product in the State of California during the time period of four (4) years preceding the date of the filing of this class action through the present.

(Referred to herein as "the Class" or "Class Members")

66.    Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

67. Numerosity: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.

68. Adequacy: Plaintiff is an adequate representative of the Class because Plaintiff's interests are the same as the Class in that Plaintiff and the Class Members were subjected to the same omissions and representations by Defendant as set forth herein; Plaintiff intends to prosecute this action vigorously and completely on behalf of himself and the Class Members; Plaintiff has retained competent counsel experienced in prosecuting class actions; and Plaintiff's interests do not conflict with the interests of the Members of the Class. Based thereon, the interests of the Class Members will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

69. Commonality and Predominance of Common Issues: Defendant has acted on grounds common and applicable to the entire Class and therefore, numerous questions of law and fact are common to Plaintiff and the Class Members that predominate over any question affecting only individual Class Members thereby making relief appropriate with respect to the Class as a whole. Common and predominate factual and legal issues include but are not limited to:

     i.    The Product that was and is currently being manufactured, marketed, advertised and sold by Defendant over the proposed class period and the Product purchased and tested by Plaintiff, as set forth herein, have the same manufacturing process and composition of materials and chemicals and were marketed, advertised and sold by Defendant in the same place and manner.

    ii.    The Product is labeled and packaged the same. Therefore, Plaintiff and the Class Members were exposed to the same labeling and packaging for the Product.

CLASS ACTION COMPLAINT

iii.    Defendant's marketing and representations about the Product and the Hershey family of brands to which Plaintiff and the Class were exposed were the same during the class period and therefore common to Plaintiff and the Class Members.

iv.    Defendant's omissions and non-disclosures as to the Product to which Plaintiff and the Class Members were exposed were the same during the class period and therefore common to Plaintiff and the Class Members.

v.    Whether the Product and or its packing contain organic fluorine.

vi.    Whether the Product and or its packing contain organic fluorine at or above 100 ppm in violation of California's Health & Safety Code.

vii.    Whether the existence of organic fluorine in the Product implicates potential health or safety concerns to Plaintiff and the Class Members.

viii.    Whether the omissions and non-disclosures by Defendant of the existence of organic fluorine in the Product were and are material to Plaintiff and the Class Members.

ix.    Whether the marketing and advertising by Defendant promoting the Hershey family of brands and the Product as maintaining the "[h]ighest quality, safety and sustainability standards" and "support[ing] [a] consumer's right to know what's in their food" were and are material to Plaintiff and the Class Members.

x.    Whether the marketing and advertising by Defendant promoting the Product as maintaining the "[h]ighest quality, safety and sustainability standards" and "support[ing] [a] consumer's right to know what's in their food" was and is false, deceptive and/or misleading in violation of California Business & Professions Code § 17200, et seq., California Business & Professions Code § 17500, et seq. and/or California Civil Code § 1750, et. seq.

CLASS ACTION COMPLAINT

xi.    Whether the omission and non-disclosures by Defendant of the existence

of, and health risks from, organic fluorine  in the Product violates

California Business & Professions Code § 17200, et seq., California

Business & Professions Code § 17500, et seq. and/or California Civil

Code § 1750, et. seq.

70.    Accordingly, the determination of Defendant's liability under each of the causes

of action presents legal issues that are common to Plaintiff and the class as a whole.

71.    Typicality: Plaintiff's claims are co-extensive with those of the Class members

as Plaintiff and the Class Members' injuries and claims arise from the same course of conduct

by Defendant as alleged herein.

72.    The Class is identifiable and ascertainable.  Plaintiff has precisely defined the

Class based on objective criteria whereby Class Members would be able to know whether they

are a member of the prospective Class, specifically, all persons who purchased the Product in

the State of California during the time period of four (4) years preceding the date of the filing of

this class action through the present.

73.    Notice can be provided to such purchasers using techniques and a form of notice

customarily used in class actions, including direct notice by email to the Class Members and

other California consumers from Defendant's and third-party retailers' records, internet

publication, radio, newspapers, magazines and other social media platforms such as YouTube,

Instagram, TikTok and Facebook.

74.    Superiority: A class action is superior to other available methods for the fair and

efficient adjudication of this controversy.  Plaintiff and Class Members have all suffered and

will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful

conduct.  The expense and burden of individual litigation would make it impracticable and

impossible for proposed Class Members to afford to seek legal redress for the wrongs

complained of herein and prosecute their claims individually.  Therefore, absent a class or

representative action, the Class Members will continue to suffer losses and Defendant will be

allowed to continue these violations of law and to retain the proceeds of its wrongdoing. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication. Finally, trial on a representative and class basis would be manageable. Liability may be determined by facts and law common to the Class Representative and the Class Members and monetary damages or restitution may be determined by proven and approved methods on a class wide basis.

## VI.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, et seq.**

**(Unlawful, Unfair, and Fraudulent Business Acts or Practices and Unfair, Deceptive, Untrue or Misleading Advertising)**

75.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

76.    This cause of action is brought pursuant to <u>Business and Professions Code</u> §17200, et seq., on behalf of Plaintiff and the Class Members.

77.    Defendant is a "person" as defined by California Business & Professions Code § 17201.

78.    Defendant's violations of California Health & Safety Code §§ 108945, 108946 and § 109000 for selling and distributing in commerce in the State of California food products produced, marketed and sold by The Hershey Company under the brand name "BUBBLE YUM" and specifically, its Bubble Yum Original Flavor Bubble Gum, due to, among other things, the amount of organic fluorine in the Product and its wrapper at 100 ppm or above, the omissions and non-disclosures of the existence and health risks of organic fluorine in the Product and the false, misleading and deceptive marketing and advertising by Defendant detailed herein constitute unlawful, unfair, and fraudulent business acts or practices and unfair,

CLASS ACTION COMPLAINT

deceptive, untrue or misleading advertising within the meaning of <u>California Business & Professions Code</u> § 17200, et seq.

79.     Defendant's business practices, described herein, violated and continue to violate the "unlawful" prong of <u>California Business & Professions Code</u> § 17200, et seq. by violating <u>California Civil Code</u> §§ 3294, 1573, 1709, 1710, 1711, and 1750 et. seq., <u>California Health & Safety Code</u> §§ 108945 – 108947, 109000 – 109014, 110390, 110395, 110400 as well as the common law.

80.     Defendant violated <u>California Health & Safety Cod</u>e §§ 108945 – 108947, 109000 – 109014 by manufacturing, producing and distributing the Product and its wrapper with organic fluorine at 100pm or above in commerce in California.

81.     Defendant violated <u>California Health & Safety Code</u> § 110390, 110395, 110400 by disseminating false advertisements about the Product.

82.     Defendant violated <u>California Health & Safety Code</u> § 110395 by manufacturing, selling, delivering, holding, and offer for sale a Product that is falsely advertised.

83.     Defendant violated <u>California Health & Safety Code</u> § 110400 by receiving in commerce a Product that is falsely advertised and delivering and proffering for delivery a Product that is falsely advertised.

84.     Defendant, in its production and distribution of the Product with organic fluorine and its marketing and advertising of the Hershey family of brands and, by implication, the Product, makes material omissions and false and misleading statements regarding the attributes and qualities of the Product, as set forth herein.

85.     Defendant knew that the omissions and representations that it made and continue to make about the Product are false, deceptive, and misleading to Plaintiff and Class Members.

86.     Defendant's omissions and false, deceptive, and misleading representations were material to Plaintiff and the Class Members and played a substantial part, and was a substantial factor, in influencing Plaintiff's and the Class Members' decisions to purchase the Product.

87.     Plaintiff and the Class Members relied on Defendant's omissions and false, deceptive, and misleading representations and would not have purchased the Product if not for the omissions and false, deceptive, and misleading representations and marketing by Defendant about the Product set forth herein.

88.     Plaintiff and the Class Members have suffered injury in fact and have lost money or property as a result of Defendant's false, deceptive, and misleading representations and marketing set forth herein.

89.     The Products as purchased by the Plaintiff and the Class Members were and are unsatisfactory and worth less than the amount paid for them.

90.     Defendant's wrongful conduct is part of a pattern or generalized course of conduct.

91.     All of Defendant's conduct alleged herein occurs and continues to occur in Defendant's business.

92.     Wherefore, Plaintiff, the Class Members, and other California consumers have, among other things, no adequate remedy at law for the injuries that are currently being suffered and that will be suffered in the future in that, unless and until enjoined by order of this Court, the omissions and non-disclosure of material information by Defendant that implicates health and safety concerns that a reasonable consumer would find material (i.e. the non-disclosure of the existence and health risks of organic fluorine in the Product) and the continued false, misleading and deceptive marketing and advertising by Defendant promoting the Hershey family of brands and, by implication, the Product as maintaining the "[h]ighest quality, safety and sustainability standards" and "support[ing] [a] consumer's right to know what's in their food", will continue and cause great and irreparable injury to Plaintiff, Class Members and other California consumers.

93.     Therefore, pursuant to <u>Business & Professions Code</u> § 17203, Plaintiff seeks an order in equity from this Court enjoining Defendant from continuing to engage, use, or employ the practice of falsely marketing and advertising for sale of the Product as follows:

i.    An order compelling Defendant to test for the existence of organic fluorine in the Product and Product wrapper;

ii.    If unintentional organic fluorine is detected in the Product or Product wrapper, above 100 ppm, an order compelling defendant to replace the organic fluorine with the least toxic alternative and reduce the organic fluorine below 100 ppm;

iii.    If detectable levels of organic fluorine are in the Product, an order compelling Defendant to cease marketing, labeling, packaging, and advertising the Hershey family of brands and, by implication, the Product as maintaining the "[h]ighest quality, safety and sustainability standards" and "support[ing] [a] consumer's right to know what's in their food"; or

iv.    If detectable levels of organic fluorine are in the Product, an order compelling Defendant to disclose to Plaintiff and the public of the existence of, and warn of the potential safety risks from, organic fluorine in the Product and Product Wrapper.

94.    In addition, Plaintiff seeks an order awarding Plaintiff and the Class Members restitution of the monetary amounts by which Plaintiff and the Class Members did not receive the value of the Product they paid for, and by which Defendant was unjustly enriched.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS    CODE § 17500, et seq.**

**(False and Misleading Advertising)**

95.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein.

96.    This cause of action is brought pursuant to <u>California Business and Professions Code</u> § 17500, et seq., on behalf of Plaintiff and the Class.

CLASS ACTION COMPLAINT

97.     As alleged in the preceding paragraphs, the omissions and non-disclosures of the existence of, and health risks from, organic fluorine in the Product and the false, misleading and deceptive marketing and advertising by Defendant promoting the Hershey family of brands and, by implication, the Product as maintaining the "[h]ighest quality, safety and sustainability standards" and "support[ing] [a] consumer's right to know what's in their food" detailed herein constitute unfair, unlawful, and fraudulent business practices within the meaning of California Business & Professions Code § 17500, et seq.

98.     Defendant intended the omissions and non-disclosures of the existence of, and health risks from, organic fluorine  in the Product and the marketing and advertising by Defendant promoting the Product as maintaining the "[h]ighest quality, safety and sustainability standards" and "support[ing] [a] consumer's right to know what's in their food" detailed herein.

99.     Defendant publicly disseminated advertising which contained unlawful omissions and non-disclosures of material facts (i.e. the existence of, and health risks from, organic fluorine  in the Product) and publicly disseminated advertising promoting the Product as maintaining the "[h]ighest quality, safety and sustainability standards" and "support[ing] [a] consumer's right to know what's in their food" which Defendant knew, or should have known in the exercise of reasonable care, was untrue or misleading via advertising mediums that include but are not limited to, https://www.thehersheycompany.com/en_us/home/ingredients/about-our-ingredients.html, as set forth herein.

100.     Defendant's omissions and false, deceptive, and misleading representations were material to Plaintiff and the Class Members and played a substantial part, and was a substantial factor, in influencing Plaintiff's and the Class Members' decisions to purchase the Product.

101.     Plaintiff and the Class Members relied on Defendant's omissions and false, deceptive, and misleading representations and would not have purchased the Product if not for the omissions and false, deceptive, and misleading representations and marketing by Defendant set forth herein.

102.    Plaintiff and the Class Members have suffered injury in fact and have lost money or property as a result of Defendant's false, deceptive, and misleading representations and marketing set forth herein.

103.    The Product as purchased by Plaintiff and the Class Members was and is unsatisfactory and worth less than the amount paid for it.

104.    All of Defendant's conduct alleged herein occurs and continues to occur in Defendant's business.

105.    Wherefore, Plaintiff, the Class Members, and other California consumers have, among other things, no adequate remedy at law for the injuries that are currently being suffered and that will be suffered in the future in that, unless and until enjoined by order of this Court, the omissions and non-disclosure of material information by Defendant that implicates health and safety concerns that a reasonable consumer would find material ( i.e. the non-disclosure of the existence of, and health risks from, organic fluorine  in the Product) and the continued false, misleading and deceptive marketing and advertising by Defendant promoting the Product as maintaining the "[h]ighest quality, safety and sustainability standards" and "support[ing] [a] consumer's right to know what's in their food" will continue and cause great and irreparable injury to Plaintiff, Class Members and other California consumers.

106.    Therefore, pursuant to <u>Business & Professions Code</u> §17535, Plaintiff seeks an order in equity from this Court enjoining Defendant from continuing to engage, use, or employ the practice of falsely marketing and advertising for sale the Product as follows:

      i.    An order compelling Defendant to test for the existence of organic fluorine in the Product and Product wrapper;

      ii.    If unintentional organic fluorine is detected in the Product or Product wrapper, above 100 ppm, an order compelling defendant to replace the organic fluorine with the least toxic alternative and reduce the organic fluorine below 100 ppm;

CLASS ACTION COMPLAINT

iii.    If detectable levels of organic fluorine are in the Product, an order compelling Defendant to cease marketing, labeling, packaging, and advertising the Hershey family of brands and, by implication, the Product as maintaining the "[h]ighest quality, safety and sustainability standards" and "support[ing] [a] consumer's right to know what's in their food"; or

iv.    If detectable levels of organic fluorine are in the Product, an order compelling Defendant to disclose to Plaintiff and the public of the existence of, and warn of the potential safety risks from, organic fluorine in the Product and Product Wrapper.

107.    In addition, Plaintiff seeks an order awarding Plaintiff and the Class Members restitution of the monetary amounts by which Plaintiff and the Class Members did not receive the value of the Product they paid for and by which Defendant was unjustly enriched.

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CIVIL CODE § 1750, et seq.

### (Consumer Legal Remedies Act)

108.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein.

109.    This cause of action is brought pursuant to California Civil Code § 1750, et seq., the Consumers Legal Remedies Act, on behalf of Plaintiff and a Class pursuant to California Civil Code § 1781 consisting of the Class defined above.

110.    The Class consists of thousands of persons, the joinder of whom is impracticable.

111.    There are questions of law and fact common to the Class, which questions are substantially similar and predominate over questions affecting the individual members, including but not limited to:

i.    The Product that was and is currently being manufactured, marketed, advertised and sold by Defendant over the proposed class period and the Product purchased and tested by Plaintiff, as set forth herein, have the same manufacturing process and composition of materials and chemicals and were marketed, advertised and sold by Defendant in the same place and manner.

ii.    The Product was labeled and packaged the same during the proposed class period. Therefore, Plaintiff and the Class Members were exposed to the same labeling and packaging for the Product.

iii.    Defendant's marketing and representations about the Hershey family of brands and the Product as maintaining the "[h]ighest quality, safety and sustainability standards" and "support[ing] [a] consumer's right to know what's in their food" to which Plaintiff and the Class were exposed were the same during the proposed class period and therefore common to Plaintiff and the Class Members.

iv.    Defendant's omissions and non-disclosures as to the Product to which Plaintiff and the Class Members were exposed were the same during the proposed class period and therefore common to Plaintiff and the Class Members.

v.    Whether the Product contains organic fluorine.

vi.    Whether the existence of organic fluorine in the Product implicates potential health or safety concerns to Plaintiff and the Class Members.

vii.    Whether the omissions and non-disclosures by Defendant of the existence of organic fluorine in the Product were and are material to Plaintiff and the Class Members.

viii.    Whether the marketing and advertising by Defendant promoting the Product as maintaining the "[h]ighest quality, safety and sustainability standards" and "support[ing] [a] consumer's right to know what's in their food" was and is

false, deceptive and/or misleading in violation of <u>California Civil Code</u> § 1750, et. seq.

    ix.   Whether the omission and non-disclosures by Defendant of the existence of, and health risks from, organic fluorine in the Product violates <u>California Civil Code</u> § 1750, et. seq.

112.    As set forth in detail herein, Defendant publicly disseminated marketing and advertising which contained unlawful omissions and non-disclosures of material facts (i.e. the existence of, and health risks from, organic fluorine in the Product) and publicly disseminated marketing and advertising promoting the Product as maintaining the "[h]ighest quality, safety and sustainability standards" and "support[ing] [a] consumer's right to know what's in their food" when in fact it does not.

113.    The policies, acts, and practices described herein were intended to result in the sale of the Product to the consuming public and violated and continue to violate <u>California Civil Code</u> § 1770(a)(5) of the Act by making omissions and representations that the Hershey family of brands and the Product have characteristics, ingredients and benefits which they do not have as represented, and violate <u>California Civil Code</u> § 1770(a)(7) by representing that the Product is of a particular standard, quality, grade and style when it is of another.

114.    In doing so, Defendant intentionally misrepresented material facts.

115.    Defendant's omissions and representations about the Product led Plaintiff and other consumers to believe that the Product has characteristics, ingredients and benefits which it does not have and is of a particular standard, quality, grade and style when it is of another.

116.    Defendant knew that the omissions and the representations concerning the Products' purported attributes and qualities were false and/or misleading and material to the Plaintiff, the Class Members and other consumers' purchase decisions.

117.    Defendant's actions as described hereinabove were done with a conscious disregard of Plaintiff's, the Class Members' and other consumers' rights.

118.    Defendant's omissions and false, deceptive, and misleading representations were material to Plaintiff and the Class Members and played a substantial part, and was a substantial factor, in influencing Plaintiff's and the Class Members' decisions to purchase the Product.

119.    Plaintiff and the Class Members relied on Defendant's omissions and false, deceptive, and misleading representations and would not have purchased the Product if not for the omissions and false, deceptive, and misleading representations and marketing by Defendant set forth herein.

120.    Plaintiff and the Class Members have suffered injury in fact and have lost money or property as a result of Defendant's false, deceptive, and misleading representations and marketing set forth herein.

121.    The Product as purchased by Plaintiff and the Class Members was and is unsatisfactory and worth less than the amount paid for it.

122.    On March 15, 2024, Defendant was served by Plaintiff with written notices pursuant to Civil Code § 1750, et seq., which set forth Plaintiff's contentions and requested remedy.  Plaintiff's letter was sent via certified mail with electronic return receipt to Defendant who acknowledged receipt.  Defendant rejected Plaintiff's attempts to address the concerns stated herein and instead has allowed the Product to continue to be sold with full knowledge of the alleged claims.

123.    All of Defendant's conduct alleged herein occurs and continues to occur in Defendant's business.

124.    Wherefore, Plaintiff and other California consumers have, among other things, no adequate remedy at law for the injuries that are currently being suffered and that will be suffered in the future in that, unless and until enjoined by order of this Court, the omissions and non-disclosure of material information by Defendant that implicates health and safety concerns that a reasonable consumer would find material (i.e. the existence of, and health risks from, of organic fluorine  in the Product) and the continued false, misleading and deceptive marketing and advertising by Defendant promoting the Product as maintaining the "[h]ighest quality,

CLASS ACTION COMPLAINT

safety and sustainability standards" and "support[ing] [a] consumer's right to know what's in their food", will continue and cause great and irreparable injury to Plaintiff, Class Members and other California consumers.

125.    Therefore, pursuant to <u>California Civil Code</u> § 1780(a)(2), Plaintiff seeks an order in equity from this Court enjoining Defendant from continuing to engage, use, or employ the practice of falsely marketing and advertising for sale the Products as follows:

    i.    An order compelling Defendant to test for the existence of organic fluorine in the Product and Product wrapper;

    ii.    If unintentional organic fluorine is detected in the Product or Product wrapper, above 100 ppm, an order compelling defendant to replace the organic fluorine with the least toxic alternative and reduce the organic fluorine below 100 ppm;

    iii.    If detectable levels of organic fluorine are in the Product, an order compelling Defendant to cease marketing, labeling, packaging, and advertising the Hershey family of brands and, by implication, the Product as maintaining the "[h]ighest quality, safety and sustainability standards" and "support[ing] [a] consumer's right to know what's in their food"; or

    iv.    If detectable levels of organic fluorine are in the Product, an order compelling Defendant to disclose to Plaintiff and the public of the existence of, and warn of the potential safety risks from, organic fluorine in the Product and Product Wrapper.

126.    In addition, Plaintiff seeks an order awarding Plaintiff and the Class Members restitution of the monetary amounts by which Plaintiff and the Class Members did not receive the value of the Product they paid for and by which Defendant was unjustly enriched, an award of punitive damages, costs and attorney's fees.

CLASS ACTION COMPLAINT

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all Causes of Action as follows:

## FIRST AND SECOND CAUSES OF ACTION

1.      An order enjoining Defendant from the practices complained of herein;

2.      An order certifying that the action may be maintained as a Class Action;

3.      For an award of restitution in an amount according to proof at trial;

4.      For an award of attorney's fees pursuant to California Civil Code § 1021.5.

## THIRD CAUSE OF ACTION

1.      An order enjoining Defendant from pursuing the practices complained of pursuant to California Civil Code § 1780(a)(2);

2.      An order certifying that the action may be maintained as a Class Action pursuant to California Civil Code § 1781;

3.      For an award of restitution in an amount according to proof at trial pursuant to California Civil Code § 1780(a)(3);

4.      For an award of punitive damages pursuant to California Civil Code § 1780(a)(4);

5.      For an award of costs of this suit pursuant to California Civil Code § 1780(e);

6.      For an award of attorney's fees pursuant to California Civil Code § 1780(e) and/or California Civil Code § 1021.5.

## FURTHER RELIEF

Plaintiff further seeks actual and punitive damages pursuant to California Civil Code § 3294, pre- and post-judgment interest and such other and further relief as the Court may deem necessary or appropriate.

CLASS ACTION COMPLAINT

# VII.    JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

DATED:  October 24, 2024                    STEVENS, L.C.


By:  _____

Paul D. Stevens
Attorneys for Plaintiff and the Class

CLASS ACTION COMPLAINT

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Paul D. Stevens (SBN 207107), Lauren A. Bochurberg (SBN 333629)<br>STEVENS LC, 1855 Industrial St., Suite 518, Los Angeles, CA 90021<br><br>TELEPHONE NO.: 213-270-1215          FAX NO. :<br>EMAIL ADDRESS:  pstevens@stevenslc.com; lbochurberg@stevenslc.com<br>ATTORNEY FOR *(Name):*  Plaintiff, ABRAHAM MOHAMED | **FOR COURT USE ONLY**<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/24/2024 11:44 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By C. Vega, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES**
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk / Central

CASE NAME:
ABRAHAM MOHAMED, individually and on behalf of others v. THE HERSHEY COMPANY dba BUBBLE YUM

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000)    [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24STCV27893<br><br>JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Violations of Cal. Prof Bus. Codes §17200, et seq. §17500, et seq, and §1750, et seq
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 24, 2024
Paul D. Stevens

_____
(TYPE OR PRINT NAME)

►_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court Case Matter
  Writ—Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| MOHAMED v. THE HERSHEY COMPANY dba BUBBLE YUM and DOES 1 through 10 | 24STCV27893 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| MOHAMED v. THE HERSHEY COMPANY dba BUBBLE YUM and DOES 1 through 10 | |

| | | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | | ☐ 2307 Construction Accidents | 1, 4 |
| | | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | Business Tort (07) | ☑ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| MOHAMED v. THE HERSHEY COMPANY dba BUBBLE YUM and DOES 1 through 10 | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract**<br>(Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| MOHAMED v. THE HERSHEY COMPANY dba BUBBLE YUM and DOES 1 through 10 | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| MOHAMED v. THE HERSHEY COMPANY dba BUBBLE YUM and DOES 1 through 10 | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: |
|---|---|
| CITY: | STATE: | ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __10/24/2024__                              _____
                                                   (SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
10/24/2024 11:44 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE HERSHEY COMPANY dba BUBBLE YUM and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ABRAHAM MOHAMED, individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse <br><br> 111 N. Hill St. Los Angeles, CA 90012 | **CASE NUMBER:** <br> *(Número del Caso):* <br> **24STCV27893** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul D. Stevens/Lauren Bochurberg, STEVENS LC, 1855 Industrial St., Suite 518, Los Angeles, CA 90021, Tel: 213-270-1215

| | | |
|---|---|---|
| DATE: October 24, 2024 <br> *(Fecha)* | Clerk, by David W. Slayton, Executive Officer/Clerk of Court <br> *(Secretario)* C. Vega | Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

1  Paul D. Stevens (Cal. Bar. No. 207107)
   pstevens@stevenslc.com
2  Lauren A. Bochurberg (Cal. Bar. No. 333629)
   lbochurberg@stevenslc.com
3  **STEVENS, LC**
   1855 Industrial Street, Suite 518
4  Los Angeles, California 90021
   Tel: (213) 270-1215
5
6  *Attorneys for Plaintiff and the Proposed Class*

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/24/2024 11:44 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                     **COUNTY OF LOS ANGELES**

9

10 ABRAHAM MOHAMED, individually and on       Case No. 24STCV27893
   behalf of all others similarly situated,
11                                             <u>CLASS ACTION COMPLAINT</u>
            Plaintiffs,
12                                             **DECLARATION OF PAUL D. STEVENS,**
            v.                                 **ESQ. RE: VENUE PURSUANT TO CAL.**
13                                             **CIV. CODE § 1780 (d)**

14 THE HERSHEY COMPANY dba BUBBLE
   YUM and DOES 1 through 10, inclusive,
15
            Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

                                    1
                          DECLARATION OF VENUE

## DECLARATION OF PAUL D. STEVENS, ESQ.

I, Paul D. Stevens, declare as follows:

1.      I am an attorney admitted and licensed to practice in the state of California and before all of the United States District Courts in the State of California as well as the Ninth Circuit Court of Appeals and United States Supreme Court. I am a member in good standing and have never been subject to discipline by any court.

2.      I am the owner/principal attorney of the law firm of Stevens, LC, counsel for Plaintiff and the putative Class in this action. I have personal knowledge of the matters stated herein. If called as a witness, I could and would testify truthfully and competently thereto under oath.

3.      I submit this declaration pursuant to California Civil Code § 1780(d) in support of showing that the action has been commenced in a county described in § 1780(d) as a proper place for the trial of the action.

4.      This Court is proper for trial of this action because Defendant is doing business in Los Angeles County and Los Angeles County is where a substantial portion of the transaction that is the subject of the above-entitled action occurred.

5.      I declare and state under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed this 24 day of October, 2024 in Los Angeles, California.


STEVENS, LC


Paul D. Stevens, Esq.



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

    a.  **The Civil Mediation Vendor Resource List**
        If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

        • **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
        • **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

        **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

        **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

    b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
        https://dcba.lacounty.gov/countywidedrp/

        **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

    c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>10/24/2024<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ C. Vega _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV27893 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Stuart M. Rice | 1 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record      David W. Slayton, Executive Officer / Clerk of Court

on  10/24/2024                            By  C. Vega                            , Deputy Clerk
    (Date)

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Stevens, LC<br>Paul Stevens SBN 207107<br>1855 Industrial St Apt 518<br>Los Angeles, CA 90021<br>　　　　TELEPHONE NO:　　　　　　　　　　FAX NO *(Optional)*:<br>　　E-MAIL ADDRESS *(Optional)*:<br>　　ATTORNEY FOR *(Name)*:　Plaintiff | *FOR COURT USE ONLY*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/30/2024 12:41 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By M. Arellanes, Deputy Clerk** |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF　Los Angeles<br>　　STREET ADDRESS:　312 N. Spring St.<br>　　MAILING ADDRESS:<br>　CITY AND ZIP CODE:　Los Angeles, 90012<br>　　BRANCH NAME:　Spring St. | |
|---|---|

| PLAINTIFF / PETITIONER:　ABRAHAM MOHAMED<br>DEFENDANT / RESPONDENT:　THE HERSHEY COMPANY. et al. | CASE NUMBER:<br>24STCV27893 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>12056573 (24010051) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X]　Summons
   b. [X]　Complaint
   c. [X]　Alternative Dispute Resolution (ADR) Package
   d. [X]　Civil Case Cover Sheet *(served in complex cases only)*
   e. [　]　Cross-Complaint
   f. [X]　Other *(specify documents)*:　Civil Case Cover Sheet Addendum and Statement of Location, Declaration of Paul D. Stevens, Esq. Re: Venue Pursuant to Cal. Civ. Code § 1780 (D), Notice of Case Assignment - Unlimited Civil Case
3. a.　Party served *(specify name of party as shown on documents served)*:
      THE HERSHEY COMPANY, doing business as BUBBLE YUM
   b. [X]　Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      Corporation Trust Company - Person Authorized to Accept Service of Process, Nadia Bellamy, Intake Specialist
4. Address where the party was served:
   1209 Orange St, Wilmington, DE 19801
5. I served the party *(check proper box)*
   a. [X]　**by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:　Mon, Oct 28 2024　　　　(2) at *(time)*:　01:37 PM
   b. [　]　**by substituted service.** On *(date)*:　　　　　　　at *(time)*:　　　　　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [　]　**(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [　]　**(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [　]　**(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [　]　I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:　　　　　from *(city)*:　　　　　　or [　] a declaration of mailing is attached.
      (5) [　]　I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:  ABRAHAM MOHAMED | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  THE HERSHEY COMPANY. et al. | 24STCV27893 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1)  on *(date)*:                          (2)  from *(city)*:
   (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐  **by other means** *(specify means of service and authorizing code section)*:

   ☐  Additional page describing service is attached.
6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐  as an individual defendant.
   b. ☐  as the person sued under the fictitious name of *(specify)*:
   c. ☐  as occupant.
   d. ☒  On behalf of *(specify)*:   THE HERSHEY COMPANY, doing business as BUBBLE YUM
      under the following Code of Civil Procedure section:
      ☒  416.10 (corporation)                          ☐  415.95 (business organization, form unknown)
      ☐  416.20 (defunct corporation)                  ☐  416.60 (minor)
      ☐  416.30 (joint stock company/association)      ☐  416.70 (ward or conservatee)
      ☐  416.40 (association or partnership)            ☐  416.90 (authorized person)
      ☐  416.50 (public entity)                        ☐  415.46 (occupant)
      ☐  other:
7.  **Person who served papers**
   a.  Name:            Sharlene Brooks
   b.  Address:         1400 North McDowell Blvd Suite 300, Petaluma, CA  94954
   c.  Telephone number:  800-938-8815
   d.  **The fee** for service was:  $160
   e.  I am:
      (1) ☒  not a registered California process server.
      (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐  a registered California process server:
         (i)  ☐ owner  ☐ employee  ☒ independent contractor
         (ii)  Registration No:  N/A
         (iii)  County:  N/A
8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   October 29, 2024

Sharlene Brooks
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

_____
(SIGNATURE)

**FILED**
Superior Court of California
County of Los Angeles

11/19/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____  Deputy
        L. Ennis

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| ABRAHAM MOHAMED,<br><br>                    Plaintiff(s),<br><br>    v.<br><br>THE HERSHEY COMPANY,<br><br>                  Defendant(s). | Case No.: 24STCV27893<br><br>**INITIAL STATUS CONFERENCE ORDER (COMPLEX CLASS ACTIONS)**<br><br>Case Assigned for All Purposes to<br>Judge Stuart M. Rice<br><br>Department: 1 |

This action has been designated as complex pursuant to CRC 3.400(a), and thus requires exceptional judicial management to carry out the purposes of Rule 3.400(a) and to promote effective decision-making by the Court. This Initial Status Conference Order (Complex Class Actions) supplements a Minute Order served concurrently herewith.  That Minute Order sets a date and time for the Initial Status Conference and includes many other important provisions which are NOT repeated in this Order.  Counsel must review that Minute Order carefully to be fully informed of your obligations and the unique processes used in the Los Angeles Superior Court Complex Courtrooms.

Note: Some provisions of this Order are in reference to wage-and-hour class actions and may not be applicable to other types of class actions.  Insofar as they are irrelevant to your case, say so in your Joint Initial Status Conference Response Statement.

1

Pending further order, the following is ordered:

The Court orders counsel to prepare for the Initial Status Conference ("ISC") by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

**1.     PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2.     STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

**3.     POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

**4.     IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

**5.     ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in *Apple Computer v. Superior Court* (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

**6.     ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**7.     OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list

other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

**8.    POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**  Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

**9.    POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**10.    CLASS CONTACT INFORMATION:**  Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561).  Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**11.    PROTECTIVE ORDERS:**   Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12.    DISCOVERY:**  Discovery is stayed until further order of the Court. Please discuss a discovery plan.  If the parties cannot agree on a plan, summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at

the initial stage unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose. See California Rule of Court, Rule 3.768

**13.    INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14.    ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15.    TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**16.    REMINDER WHEN SEEKING TO DISMISS:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . .   Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail." California Rule of Court, Rule 3.770.

If the parties settle the class action, that too will require judicial approval based on a noticed motion.

**17.    REMINDER WHEN SEEKING APPROVAL OF A SETTLEMENT:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by *Mark v. Spencer* (2008) 166 Cal.App. 4th 219.

**18.    NOTICE OF THE INITIAL STATUS CONFERENCE ORDER:**

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant and file a Proof of Service with the court within seven (7) days of the date of this Order.  If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order. Once served, each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number).  The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

**19.    e-Service Provider**

The parties should refer to the Court's website for the list of e-service providers which are approved for complex cases. The parties must sign up with the provider at least ten court days in advance of the Initial Status Conference and advise the Court, via email to sscdept1@lacourt.org, which provider was selected. While the parties are free to choose any approved service, Department 1 prefers Case Anywhere.

Dated: November 19, 2024



Stuart M. Rice / Judge

Honorable Stuart M. Rice
Judge of the Los Angeles Superior Court

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 1

**24STCV27893**                                        November 19, 2024
**ABRAHAM MOHAMED vs THE HERSHEY COMPANY**                      11:04 AM

Judge: Honorable Stuart M. Rice          CSR: None
Judicial Assistant: L. Ennis             ERM: None
Courtroom Assistant: R. Sims             Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Scheduling Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 02/13/2025 at 09:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 1

**24STCV27893**                                                November 19, 2024
**ABRAHAM MOHAMED vs THE HERSHEY COMPANY**                           11:04 AM

Judge: Honorable Stuart M. Rice          CSR: None
Judicial Assistant: L. Ennis             ERM: None
Courtroom Assistant: R. Sims             Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 1

**24STCV27893**                                              November 19, 2024
**ABRAHAM MOHAMED vs THE HERSHEY COMPANY**                   11:04 AM

Judge: Honorable Stuart M. Rice          CSR: None
Judicial Assistant: L. Ennis             ERM: None
Courtroom Assistant: R. Sims             Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/19/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ L. Ennis _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Abraham Mohamed | |
| DEFENDANT/RESPONDENT:<br>The Hershey Company | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV27893 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Scheduling Initial Status Conference) of 11/19/2024, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Paul D. Stevens
Stevens, LC
1855 Industrial Street
Suite 518
Los Angeles, CA 90021

David W. Slayton, Executive Officer / Clerk of Court

Dated: 11/19/2024                    By:  L. Ennis
                                          Deputy Clerk

**CERTIFICATE OF MAILING**

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

**Case Number:**  24STCV27893
ABRAHAM MOHAMED VS THE HERSHEY COMPANY

**Filing Courthouse:**  Spring Street Courthouse

**Filing Date:**  10/24/2024
**Case Type:**  Other Commercial/Business Tort (not fraud/ breach of contract) (General Jurisdiction)
**Status:**  Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

**02/13/2025** at 09:00 AM in Department 1 at 312 North Spring Street, Los Angeles, CA 90012
Initial Status Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

MOHAMED ABRAHAM - Plaintiff

STEVENS PAUL D. - Attorney for Plaintiff

THE HERSHEY COMPANY DBA BUBBLE YUM - Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

### Documents Filed (Filing dates listed in descending order)

**11/19/2024** Certificate of Mailing for ((Court Order Scheduling Initial Status Conference) of 11/19/2024, Initial Status
Conference Order)
Filed by Clerk

**11/19/2024** Minute Order ( (Court Order Scheduling Initial Status Conference))
Filed by Clerk

**11/19/2024** Initial Status Conference Order
Filed by Clerk

**10/30/2024** Proof of Personal Service
Filed by Abraham Mohamed (Plaintiff)

**10/24/2024** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**10/24/2024** Alternate Dispute Resolution Packet
Filed by Clerk

**10/24/2024** Declaration (of Paul D. Stevens, Esq. Re: Venue Pursuant to Cal. Civ. Code ¿ 1780 (D))
Filed by Abraham Mohamed (Plaintiff)

**10/24/2024** Summons (on Complaint)
Filed by Abraham Mohamed (Plaintiff)

**10/24/2024** Civil Case Cover Sheet
Filed by Abraham Mohamed (Plaintiff)

**10/24/2024** Class Action Complaint
Filed by Abraham Mohamed (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

**11/19/2024** at 11:04 AM in Department 1, Stuart M. Rice, Presiding
Court Order

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**11/19/2024** Initial Status Conference scheduled for 02/13/2025 at 09:00 AM in Spring Street Courthouse at Department 1

**11/19/2024** The case is placed in special status of: Deemed Complex

**11/19/2024** The case is placed in special status of: Stay - Deemed Complex

**11/19/2024** Initial Status Conference Order; Signed and Filed by: Clerk

**11/19/2024** Minute Order (Court Order Scheduling Initial Status Conference)

**11/19/2024** Certificate of Mailing for (Court Order Scheduling Initial Status Conference) of 11/19/2024, Initial Status Conference Order; Filed by: Clerk

**11/19/2024** The case is removed from the special status of: Provisionally Complex ? Case Type

**10/30/2024** Proof of Personal Service; Filed by: Abraham Mohamed (Plaintiff); As to: The Hershey Company (Defendant); Service Date: 10/28/2024; Service Cost: 160.00; Service Cost Waived: No

**10/24/2024** Class Action Complaint; Filed by: Abraham Mohamed (Plaintiff); As to: The Hershey Company (Defendant)

**10/24/2024** Civil Case Cover Sheet; Filed by: Abraham Mohamed (Plaintiff); As to: The Hershey Company (Defendant)

**10/24/2024** Summons on Complaint; Issued and Filed by: Abraham Mohamed (Plaintiff); As to: The Hershey Company (Defendant)

**10/24/2024** Declaration of Paul D. Stevens, Esq. Re: Venue Pursuant to Cal. Civ. Code ¿ 1780 (D); Filed by: Abraham Mohamed (Plaintiff); As to: The Hershey Company (Defendant)

**10/24/2024** Alternate Dispute Resolution Packet; Filed by: Clerk

**10/24/2024** Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk

**10/24/2024** The case is placed in special status of: Provisionally Complex ? Case Type

**10/24/2024** The case is placed in special status of: Class Action

**10/24/2024** Case assigned to Hon. Stuart M. Rice in Department 1 Spring Street Courthouse